Puzey vs. Senier et al.

MARY PUZEY *vs.* ALFRED SENIER, ALLAN and AN-
GUS R. McDONALD, et al., Appellant.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Heard August 10.]                    [Decided November 1, 1859.

### *Trusts—Trustees—Estoppel.*

When trustees take upon themselves the duties of the trust, they subject them-
selves to all the obligations which the trust relation imposes upon them.

As a general rule trustees cannot purchase in the trust estate, and any attempt
by them to do so will be *most thoroughly scrutinized, and if the transaction*
should prove to be disadvantageous to the *cestui que trust,* the latter will not
be barred.

It is the duty of a trustee to watch over and protect the interest of his *cestui
que trust,* and warn the latter of improvident dealings in regard to the trust
estate ; and the trustee cannot be permitted to derive any advantage to him-
self by means of or become a party to a transaction manifestly to the
prejudice of his *cestui que trust.*

This was an equitable action relating to certain trust prop-
erty. The complaint alleged that on the 20th of November,
A. D. 1855, the plaintiff was a single woman, and the owner
of and possessor of real and personal property of about $2000
in value ; that intending to marry, and desiring to put her
property into the hands of trustees for her use and benefit
after marriage, and for the use and benefit of the children of
such marriage if any there should be, she did on said day
sign and seal with Allan McDonald, Alfred Senier, and Jo-
seph F. Puzey, a certain indenture, by which she with the con-
sent of Puzey, transferred to Allan McDonald and Alfred Se-
nier all of her property, consisting of legacies, moneys, bank
deposits, real estate, mortgages and personal property, of about
two thousand dollars in value, upon the special trust and for
the purposes following, viz : 1. That the principal remaining
in the hands of said trustees at the plaintiff's decease, should
be divided among her children or heirs when the youngest
child should be of full age. 2. That after the solemnization
of the intended marriage, said trustees should collect the in-

come and profits arising from the trust property, or any sub-stituted estate, whenever the same should become due, and pay over the same to the plaintiff on her sole order, free from the control of her husband or other person. 3. That if neces-sary for the support of herself or family, she should, with the consent of the trustees in writing, by her order, draw part or all of the property. 4. That in case of the decease of Joseph F. Puzey, and plaintiff leaving children unprovided for, said trustees should support and educate such children out of the income of the trust estate so far as the same should be suffi-cient.

And the trustees did therein signify their acceptance of the trust, and Joseph F. Puzey did therein signify his con-sent to the provisions and covenants of such instrument, which was on the 8th day of January, A. D., 1856, recorded in the office of the register of deeds for Dane county; that the trust property was then delivered to the trustees and did consist of the following property, to wit: a piece of land situ-ate in the county of Iowa and State of Wisconsin, and con-taining about three acres of land, for which piece of land the plaintiff in the month of May, 1855, had given a bond to convey the same to Herman A. Cole and William Everett in the month of May, 1857, provided they should then pay her the sum of fifteen hundred dollars with interest, which bond was part of the property assigned. An equitable interest of the plaintiff in one undivided third part of twenty acres in the county of Dane, the same being purchased by the said Allan and Angus R. McDonald in 1853.

That the trustees have paid to plaintiff the interest of the sum of fifteen hundred dollars to the month of October, 1856. That on the 20th day of November, 1855, the plaintiff was married to Joseph F. Puzey. That since the assignment to the trustees the plaintiff has not received any of the trust property, nor any of the interests and profits thereof except the interest above stated, and that the trustees have fraudulently sold the trust property and applied the proceeds thereof to their own use. That Alfred Senier has removed from the United States and is now a resident of England, and that Al-lan McDonald, the other trustee, is insolvent. That Angus R. McDonald is now in possession of and claims to be the owner of some portion of the trust property, which he has pretended to purchase from the trustee, but what portion plaintiff cannot state. That Angus R. McDonald purchased the same with full

knowledge of the plaintiff's interest. That the " State Bank, Madison," in the state of Wisconsin, have now in their possession a deed executed by Alfred Senier and his wife to Cole and Everett for the part of the trust property, agreed to be conveyed by the plaintiff to them whenever they shall pay to the State Bank the sum of thirteen hundred dollars as the purchase money thereof, for the use of Senier. That the payment of the money to Senier would greatly endanger her rights in and to the same. That defendant, Joshua Rhodes, is now the acting agent for Alfred Senier in this state, and has in his possession and control the balance of the trust property, and claims to hold the same as the property of Senier, and denies the rights of this plaintiff in and to the same, but that he has full knowledge of the interest of this plaintiff therein.

The plaintiff therefore demands that the defendants, Allan McDonald and Alfred Senier, be removed, and other trustees appointed by this court in their stead, and that each of them may be decreed to surrender to the trustees so appointed, all the trust property now remaining in their possession or under their control, and all property substituted therefor, and that they pay to the trustees so appointed, all sums of money for rents and profits arising from the trust property, and the value of the trust property which they may have sold, and which cannot now be reclaimed; and that Angus R. McDonald, Joshua Rhodes, and each of them, may be decreed to deliver up to the trustees so appointed all the trust property in their possession, and that the State Bank may be decreed to surrender to the trustees the deed of Alfred Senier and wife, or the money which they may receive therefor, and that all of the defendants may be restrained by an injunction from further interfering with, encumbering, or disposing of the trust property.

Alfred Senier answered, confessing the making of the antenuptial contract; that the property was worth $1,500, which was the amount of the contract with Cole and Everett; and also that McDonald was indebted to the plaintiff $500, for which he had given a mortgage on 120 acres of land in Dane county; that after the marriage of the plaintiff her husband brought to the trustees a letter signed by her, requesting them to change the investment, as her husband should direct; that they did change it by selling a certain stock of goods in Dover, in Dane county, with the lot on which the store was located, in connection with Allan McDonald, so that the plaintiff

Puzey vs. Senier et al.

should receive a part of the profits of the store, &c.; that the change was made, and the property paid for or secured to be paid by McDonald; and that this defendant agreed to convey the store, &c., upon payment to him of $672 by McDonald, which has been paid but in part; and that McDonald and the plaintiff were to share the profits of the store together.

The answer then set up that for the purpose of carrying out this agreement of exchange, McDonald conveyed the mill property contracted by the plaintiff to Angus R. McDonald, who conveyed it to the defendant Senier for the sum of $1,300, and at the same time a contract was entered into by Senier to convey the mill to Angus R. McDonald for the use of Mrs. Puzey, upon the payment to him of the $1,300, with interest at 10 per cent. The mortgage of Allan McDonald for $500 to Mrs. Puzey, was discharged, and the McDonalds made another mortgage on the same land for $500, part of the purchase money of the stock of goods and store.

The answer of Allan McDonald, Joshua Rhodes and Angus R. McDonald, is not materially different from the answer of Senier.

On the trial several witnesses were examined, and much written evidence given; and the court found as follows:

This action having been duly tried before this court upon the issue joined therein by the answer of Alfred Senier, Allan McDonald, Angus R. McDonald, and Joshua Rhodes, four of the above named defendants, the other defendants having failed to answer herein, and upon hearing the testimony and proofs taken herein, and the cause having been argued by S. U. Pinney, counsel for the plaintiff, and C. Abbott, Esq., counsel for the defendants, who had answered as aforesaid, and upon consideration thereof, I, Alexander L. Collins, the circuit judge before whom this action was so tried, do find the facts in this action as follows:

The plaintiff, Mary Puzey, and the defendant, Allan Mc Donald, Alfred Senier, and Joseph Puzey, made, executed and acknowledged the agreement set out in the plaintiff's complaint, and a copy of which is appended to the answer of the defendant Senier, at the time and in the manner, and for the consideration and purpose alleged in the complaint in this action, and that the same was duly recorded as stated in said complaint.

The plaintiff and the defendant Joseph F. Puzey, were duly married, as alleged in the complaint in this action;

that at the time of the execution of said agreement, and also at the time of said marriage, the said plaintiff was the owner in her own right of the property described in the answers of Allan McDonald and Alfred Senier in this action, and the same was then of the value of eighteen hundred dollars, and that the same consisted of an interest in the mill property described in the said answers, and of the mortgage for the sum of five hundred dollars therein referred to.

That said property after the execution of the agreement set out in the complaint in this action, was delivered over into the possession of the defendants Allan McDonald and Alfred Senier, the trustees named in said agreement under and in pursuance of the same. The said trustees paid to the said plaintiff all interest that had accrued on said property up to the 6th day of November, A. D., 1856. The claim on the mill property mentioned in this action, is and was drawing interest at the rate of twelve per cent. per annum. The foregoing is all the property the plaintiff owned or had any interest in at the time of the execution of said agreement.

I further find that on or about the 30th day of January, A. D. 1856, by and through connivance of the defendants Joseph F. Puzey, Allan McDonald and Alfred Senier, the said Alfred Senier made a pretended purchase of said trust property from himself and Allan McDonald as trustees of the plaintiff, exchanging and delivering therefor, the stock of goods named in the answer of said Senier, to his co-trustee, Allan Mc Donald, for the use of the plaintiff and said McDonald, that the terms of said pretended purchase are fully set out in the answers of said Allan McDonald and Alfred Senier; that the plaintiff was induced by the persuasion of her said trustees and the said Joseph F. Puzey, to become a party to said transaction; that she did not freely consent thereto; that the consideration alleged to have been given by said Senier for said trust property, was greatly and grossly inadequate, and was placed in the hands and control of his co-trustee, Allan McDonald, who has converted the same to his own use to the knowledge of said Senier; that the whole transaction was in violation of the trusts created by said agreement, and a trick and contrivance on the part of said Senier and Allan McDonald, to obtain and convert to their own use said trust property, and was, and is, a fraud on the rights of the plaintiff. The defendants, Allan McDonald and Alfred Senier, trustees as aforesaid, have so mismanaged said trust property,

that they ought not longer to have the control or management of the same. The said Allan McDonald is insolvent as alleged in said complaint. The present value of said trust property is now two thousand and twenty-four dollars. The conveyances of said trust property by said trustees to Angus McDonald, were made without any consideration therefor, and for the sole purpose of enabling him to convey the same to the said defendant Senier, which he subsequently did, but without any consideration as between him, and said Senier. That the mortgage so discharged by said trustees was discharged without any part thereof having been paid, and only to enable the mortgagees named therein to execute and deliver a mortgage to said Senier in place thereof, for the same amount, and which was subsequently done as alleged in the answers of defendants, Senier, and Allan McDonald.

My conclusions of law upon the facts so found are that the alleged purchase of said trust property by the defendant Senier, from himself and Allan McDonald, as trustees, is void, and he acquired no title whatsoever to the said trust property thereby. That satisfaction and discharge of the mortgage executed by the said trustees to Allan and Angus R. McDonald be set aside and the bond accompanying said mortgage be delivered to such receiver of said trust property as shall be appointed; that the bond and mortgage subsequently executed by the said Allan and Angus R. McDonald to the defendant Senier be set aside and cancelled, and that the said Senier bring the same into this court and deliver the same to the clerk thereof, that the same may be delivered up to the said Allan and Angus R. McDonald; that the deed executed and delivered by said trustees to Angus R. McDonald for the mill property mentioned in the answers of the defendants Senier and McDonald, as well as the deed from said Angus R. Mc Donald to said Alfred Senier for the same property, be set aside and cancelled and declared void and of no effect against the plaintiff. That a receiver be appointed to take charge and possession of said trust property to collect the same, and that he give the usual security. That said trustees be removed from their position as trustees, and that they deliver to such receiver the said trust property free from any encumbrance, deduction or charges thereon, or therefrom, by reason of the act or acts of any or either of them, and all papers, documents and vouchers received by them, or either of them, relating thereto, within sixty days after the service upon them

of a copy of the judgment to be entered hereon, and that the said receiver report to this court whether said judgment has been complied with. That the plaintiff have, upon the coming in of the said report, leave to apply for such further or other relief as shall be just and proper and necessary. That the complaint filed herein as to the defendants, Joshua Rhodes and the State Bank, Madison, be dismissed without costs. That the plaintiff recover her costs and disbursements in this action, against the defendants, Allan McDonald and Alfred Senier, and that judgment be entered accordingly.

A. L. COLLINS, Judge.

Judgment was entered in accordance with the finding, and from that this appeal is taken.

*Abbott & Clark*, for the appellants.

*S. U. Pinney*, for the respondent.

*By the Court*, COLE, J. It is not denied that Allan Mc Donald and Alfred Senier, by the ante-nuptial settlement of November 20th, 1855, took upon themselves the duties of trustees of Mrs. Puzey's property, vested in them by that settlement; and of course thereby became subject to all the obligations which the trust relation imposed upon them. Neither has it been questioned that, as a general rule, the trustee cannot purchase the trust property, and that the policy of the law is to shut the door against temptation, and prevent a man from acting in a case where interest will directly conflict with duty, as it would in buying property under such circumstances. It is true in certain cases the trustee has been permitted to buy the trust property, but it is the language of all the authorities that such a transaction is always scrutinized in a court of equity with a watchful and jealous eye, and will not be sustained to the disadvantage of the *cestui que trust*, except upon the most complete and satisfactory evidence of good faith and fair dealing on the part of the trustee, 1 Story Eq. Jur., § 321; Willard's Equity,

Puzey vs. Senier et al.

187; *Stuart vs. Kissam*, 2. Barb., Sup. Ct. R., 494; *Davoue vs. Fanning*, 2 J. C. R., 252; *Gibson vs. Jeyes*, 6 Ves., Jr., 266. The rule and the policy of it is laid down with so much clearness and sound reasoning in the above authorities that nothing further need be added upon that point.

Applying this wholesome and well settled doctrine to the facts and circumstances of this case, and what follows? Clearly, as it seems to us, that the judgment of the circuit court is right, and must be affirmed.

Without going into any minute examination of the testimony, we will merely say that it shows, conclusively, to our minds, that Senier obtained the trust property for an entirely inadequate and insufficient consideration. He knew previously what Mrs. Puzey's property was worth; and it was difficult to believe that he supposed he was paying a full and fair value for it. He must have known better and been fully aware that the bargain was a very improvident one for Mrs. Puzey, even admitting that she was consulted about the terms of the sale, and fully consented to them. She was, undoubtedly, importuned by her husband to make the trade. But it was certainly the duty of both Senier and Allan McDonald to watch over her interests, and warn her against a bad bargain. This was the duty which the law imposed upon them, and which the relation between them and Mrs. Puzey required.

It is immaterial to inquire what would have been the rights and powers of Mrs. Puzey over her property, under the act or February, 1850, passed for the more effectual protection of married women, if the ante-nuptial settlement had not been made; whether she would have had the unlimited power of alienation as incident to the right of property under that law and could have purchased Senier's goods, drugs, store, &c., is a question not now before us. It is sufficient to say that here a valid ante-nuptial settlement was made, by

which her property was vested in Allan McDonald and Senier, for certain purposes; that a trust was created and the the trustees assumed the trust. That being so, they are subject to all the conditions of this relation. They could not by any management or trading among themselves obtain her property without a fair equivalent. That they did overreach her and gain a great advantage in the disposition and sale of her property, satisfactorily appears from the evidence in the case.

It was insisted by the counsel for the appellants that it would be a great violation of justice and equity, to permit the respondent to repudiate a sale of the trust property to the trustee made, as is contended, in good faith, after the respondent had received full consideration for such sale, without restoring to the trustee the consideration received. We have already indicated pretty clearly our notions in respect to this transaction, and stated that the evidence showed that the trustees obtained an undue advantage over the respondent in the trade which was made; and that their conduct in this matter was not fair and honest.

Within the authorities this is a sufficient circumstance to invalidate the sale. It appears that Senier sold his goods, drugs, &c., to Allan McDonald, and the witnesses testify that it was the understanding that Mrs. Puzey was to have an equal interest with McDonald in the purchase and in the profits; but McDonald carried on the business in his own name and controlled the affairs and received most of the proceeds of the property. That Puzey and his wife might have received some portion of the proceeds of Senier's property is quite probable; but it must have been a very inconsiderable part thereof. This whole matter seems to have resulted only to the mutual advantage of the two trustees, and in the entire sacrifice of Mrs. Puzey's property. If she has in any manner been benefited by the trade, it is difficult to see how, or

to determine what part of the consideration, if any, she has received.

We are of the opinion that the judgment of the circuit court does substantial justice in the premises, and should be affirmed.