STATE EX REL. KAPPA SIGMA BUILDING ASSOCIATION, Respondent, vs. BAREIS, City Clerk, and another, Appellants.

*November 8—December 7, 1937.*

*Francis Lamb,* city attorney, for the appellants.

For the respondent there was a brief by *Bull, Biart &*
*Bieberstein* of Madison, and oral argument by *A. J. Bieber-*
*stein.*

WICKHEM, J. The 1935 assessment of the land owned
by the Kappa Sigma Building Association was $26,200, and
that of the building was $33,800. The assessment in 1936
was the same. The taxpayer having indicated a desire to be
heard before the board of review upon his contention that
the assessment was excessive was notified by telephone that
the board of review, which was then in session, would con-
sider the matter on October 2, 1936. On that occasion the
taxpayer offered the evidence of Paul Stark and A. J. Bieber-
stein, the latter merely detailing the rental income. Mr.
Stark's testimony was to the effect that the fair market value
of the property in question was $46,000 rather than $60,000,
as fixed by the assessor. On this occasion no other evidence
was offered, and the record shows that at that time both the
taxpayer and the city stated that they had no further evi-
dence to offer, and the reporter's minutes conclude with the
comment, "Hearing closed." Later, on November 9 and 10,
1936, without notice to the taxpayer and without his pres-
ence, the board of review heard further evidence with refer-
ence to the value of taxpayer's property by C. W. Oakey and
by John Stock, city assessor. This evidence need not be

detailed, it being sufficient to state that its effect was to support the assessment. Thereafter, the board of review having sustained the assessment, the taxpayer sued out a writ of *certiorari* in the circuit court for Dane county to review this action. The return of the clerk included both the record of October 2, 1936, and that of November 9 and 10, 1936. The relator moved to exclude the record of November 9 and 10, 1936, which motion the circuit court sustained. Upon the basis of the record of October 2, 1936, the trial court was of the view that, the evidence showing the assessment to be excessive being wholly unimpeached, "it was the plain duty of the board to correct the assessed valuation of his property accordingly." *State ex rel. Heller v. Lawler,* 103 Wis. 460, 465, 79 N. W. 777; *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450. Judgment was entered reversing the action of the board of review and directing the city clerk to enter the assessment at $46,000, in accordance with the testimony of Mr. Stark.

It is manifest that, if the testimony presented before the board on November 9 and 10, 1936, is entitled to be considered, the evidence of Mr. Stark is put in issue, and the board had before it a conflict of evidence which would warrant sustaining the assessment. We proceed, therefore, to consider the validity of the taxpayer's contention and the trial court's conclusion that a proper hearing was not accorded the taxpayer because of failure of the board to notify taxpayer and give it an opportunity to be present at the time of taking the evidence of November 9 and 10, 1936.

Sec. 70.47 (1), Stats., reads as follows:

"The assessors shall lay before the board of review their assessment roll of the real property and all the sworn statements made by others and valuations made by them of personal property. The board shall, under their official oaths, carefully review and examine said roll and statement and all valuations of real and personal property, and shall correct

any errors in description of property or otherwise; and for that purpose they are hereby required to hear and examine any person or persons upon oath, who shall appear before them in relation to the assessment of any property upon said roll or in relation to any property omitted therein; and if it appear that any property has been valued by the assessor too high or too low, they shall increase or lessen the same to the true valuation according to the rules for valuing property prescribed in this chapter."

The contention of the taxpayer and the view of the trial court as disclosed in its memorandum is, (1) that this court in *Milwaukee County v. Dorsen,* 208 Wis. 637, 641, 242 N. W. 515, 517, at least intimated that it is necessary that any taxing system should at some point during the process of assessment accord the taxpayer an opportunity to be heard with reference to the valuation or taxability of his property; (2) that "hearing" means an opportunity to know the evidence proposed against the one entitled to the hearing and to respond to it by cross-examination of the witnesses and by production of evidence to rebut it. We are of the opinion that this view is foreclosed by the case of *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359. In that case the city of Ashland had assessed to Knight and Vilas some nine million feet of lumber in the sum of $112,200. An agent of Mr. Vilas appeared before the board of review and made an unsworn statement to the effect that all of the lumber of the firm had been sold prior to the first of May by certain written contracts which he offered for inspection. At a later date he again appeared and made the same statements under oath. A few days later, without notice of their intent to do so, and in the absence of Mr. Vilas or any representative of his, the board took the sworn testimony of two or three witnesses tending to support the assessment. Writs of *certiorari* having issued from the circuit court and return having been made, the action of the board of review was affirmed, and relator appealed. The

court deals with the contention that the sworn testimony taken by the board in the absence of and without notice to the relator should be disregarded. The court said as to this contention (p. 562) :

". . . A novel question is raised by appellant, who contends that the board cannot so receive evidence without at least giving an objector notice and opportunity to be present. The statute places no such restriction on the board expressly, and the implication thereof must be at least clear and necessary to warrant the court in importing it into the statute. These boards, while they act judicially, are not courts, but are part of the machinery of taxation, wholly within the power of the legislature to create and regulate. *State ex rel. Ellis v. Thorne,* 112 Wis. 81, 87 N. W. 797. The fact that the time of sitting of such board is fixed by law is a sufficient notice to all persons to constitute due process of law for tax proceedings. The statute (sec. 1061, Stats. 1898) requires the board to hear and examine under oath any person who shall appear before them in relation to any assessment, and to increase or lessen the same to the true valuation. In all this there is no suggestion that, before hearing such testimony, they must give notice to any person likely to be affected thereby. That the omission to so provide was not due to oversight of legislators is made obvious by the further requirement that they shall not finally raise any assessment without giving notice of such intention. Since that intention cannot well be formed until the evidence has been heard, there would seem to be here a pretty clear implication that evidence might be taken before the giving of the notice. The decisions of the courts that boards of review cannot change assessments except upon sworn evidence, nor raise them without notice, are not based on any general rules of public policy or justice, but upon express provisions of the statute. They are entirely consistent with the view that the board might do either but for legislative restriction. *McIntyre v. White Creek,* 43 Wis. 620. Many considerations might well be suggested why the legislature should forbear to burden the voluminous and hasty business of these boards with such a restriction as now contended for, but it must suffice as a reason for the courts that it has

forborne. We cannot find, by implication or otherwise, that the board of review was forbidden to receive or consider the evidence of witnesses without notice to relator. The only previous intimations in former cases are in harmony with that view. Thus, both in *Shove v. Manitowoc,* 57 Wis. 5, 14 N. W. 829, and *Brown v. Oneida County,* 103 Wis. 149, 79 N. W. 216, it is said that the board may proceed summarily in taking the evidence."

The foregoing squarely meets and rejects the taxpayer's contention. This court is faced with a choice of adhering to the construction given this statute in the *Vilas Case* or of deliberately departing from it. It is our conclusion that the rule in the *Vilas Case* should be adhered to. The legislature has had many opportunities since this case was decided to modify the statute and to nullify this construction, and it has not done so. That it has not done so is doubtless because of the impracticability and unwisdom of burdening the "voluminous and hasty business" of the board charged with administration of the statutory scheme of taxation by requirements peculiarly appropriate to the trials of causes in courts. While the following quotation from the *Dorsen Case, supra* (p. 644), is not strictly in point, it accurately describes the viewpoint that the legislature may well have had in enacting sec. 70.47 (1), Stats., and in leaving its content undisturbed after the decision in the *Vilas Case:*

"When we consider that the proper discharge of governmental functions depends upon the regular collection of taxes, and the machinery of administration by which taxes are collected is often in the hands of those untutored in the law, courts should not inject into the plan set up by the legislature technicalities which may result in depriving the government of the funds necessary for the discharge of its functions."

This disposes of the question so far as it involves a construction of sec. 70.47 (1). The statute so construed does not offend against the "due process" requirements of the

constitution. In *Borgnis v. Falk Co.* 147 Wis. 327, 363, 133 N. W. 209, it was said:

"Objection is made to those clauses of sec. 2394—16 which provide for the giving of notice of claim by mail, and allow testimony to be taken without notice to either party, and the claim is made that this is not 'due process of law.' Were the commission a court these objections would probably deserve serious consideration, especially the latter one. But, as we have seen, the commission is an administrative board merely. It is common knowledge that such boards are frequently given power to investigate and determine facts without notice to the parties of each successive step in the proceedings. The proceedings before such boards are not expected to be as formal and cumbrous as the proceedings of courts; indeed, the greater flexibility which such bodies must possess if they are to discharge their duties seems to demand greater freedom of action. If notice, either actual or constructive, of the commencement of the proceedings before such a body be required to be given to the parties interested and they be given full and free opportunity to be heard and present evidence, it is generally held sufficient, even though notice of intermediate steps in the proceeding be not required or given."

In *Milwaukee County v. Dorsen, supra,* it was said (p. 642):

"That much less formality, as to notice and opportunity to be heard, will suffice to satisfy the requirements of due process of law in taxation proceedings than before judicial tribunals."

The foregoing conclusions compel a reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded with directions to quash the writ.

FAIRCHILD, J. (*dissenting*). The value of relator's real estate was fixed at $60,000. When the matter was before the board of review, the taxpayer appeared and complained

of the assessment. He was permitted to offer evidence as to the value of the property for purposes of taxation, the result of which was a showing that the value of the property did not exceed $46,000. No evidence tending to sustain the assessor's valuation was offered. At the conclusion of this hearing, the city attorney, who was present in his official capacity, made the following statement: "We have nothing to offer. We have nothing further." During the hearing an expert in real-estate values testified: "I am positively certain that you could not sell that property today at $46,000." There was an observation by a member of the board of review to the effect: "I don't dispute that." Under the statutes governing in these matters, the evidence closing with the record in this condition, the board of review was required to reduce the assessment to $46,000. *Tainter v. Lucas,* 29 Wis. 375; *Milwaukee Iron Co. v. Schubel,* 29 Wis. 444; *Wilson v. Heller,* 32 Wis. 457; *Brown v. Oneida County,* 103 Wis. 149, 79 N. W. 216; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. Kimberly-Clark Co. v. Williams,* 160 Wis. 648, 152 N. W. 450. The testimony just referred to was offered by the taxpayer on October 2, 1936, but the board of review, without notice, later, on November 9th and 10th, received testimony which raised a question of fact to be decided by the board of review as to the correctness of the testimony offered by the taxpayer on October 2d. The trial court excluded the later testimony from consideration because the board acted in excess of its jurisdiction in so receiving it without advising the taxpayer in any way that further testimony upon the matter was to be taken.

The case of *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359, if accepted as stating the law, is authority for revising the decision of the trial court, but I am of the opinion that it ought not so to be accepted. I cannot convince myself that the legislature, when it provided that the

objecting taxpayer should be heard, intended to place power in the board of review to base its rulings on evidence which the taxpayer has had no opportunity to hear or to attack. In the opinion in the *Vilas Case,* there is no reference to sec. 70.47 (4), Stats., then in substantially the same form as now, which provides:

"Any person claiming any correction of the assessment may call witnesses to support the same, or to show that any property on the roll is assessed too high, or too low; and the attendance of witnesses and the production of books, inventories, schedules, papers, or documents may be compelled by subpœna issued by a justice of the peace or the clerk of the board."—

and apparently the section just quoted was not given weight in determining the question of how much is included in the taxpayer's right to be heard.

"It is no doubt necessary that any taxing system should, at some point during the process of assessment, accord the taxpayer an opportunity to be heard with reference to the valuation or taxability of his property." *Milwaukee County v. Dorsen,* 208 Wis. 637, 641, 242 N. W. 515.

The right to be heard is a right to a "hearing" with all the implications of that term, and much more is included than a mere right to register a protest.

"Manifestly there is no hearing when the party does not know what evidence is offered or considered and is not given an opportunity to test, explain, or refute." *Interstate Commerce Comm. v. Louisville & N. R. Co.* 227 U. S. 88, 33 Sup. Ct. 185, 187, 57 L. Ed. 431.

*Ekern v. McGovern,* 154 Wis. 157, 142 N. W. 595. The provisions for general notice are sufficient to give the board jurisdiction, *Milwaukee County v. Dorsen, supra,* but, when the board has entered upon the investigation of an assessment upon complaint of a taxpayer, it must proceed with due consideration of its duties as an impartial tribunal. The work of the board of review, while calculated to perfect the

efforts of the assessor, is not, when the consideration of a citizen's complaint has been begun, an *ex parte* matter. The board is required carefully to review valuations and for that purpose to hear and examine witnesses on oath in relation to the assessment—

"and if it appears that any property has been valued by the assessor too high . . . they shall lessen the same to the true valuation according to the rules for valuing property prescribed."

In *State ex rel. Kimberly-Clark Co. v. Williams, supra,* it is said (p. 652) :

"As might be expected, assessors sometimes make mistakes. The only substantial remedy which the taxpayer has, from a practical standpoint, is an appeal to the board of review. The law very properly provides for a *quasi*-judicial hearing before that supposedly impartial tribunal. The board stands between the public on the one side and the individual on the other, and the theory is that it should afford each a fair and impartial hearing and reach an unbiased and just conclusion on the evidence. Here the board, honestly enough no doubt, acted under the mistaken belief that it could disregard the evidence submitted, and perform the functions of an assessor and follow its own opinion on values, regardless of the sworn testimony produced. In proceeding in this way it committed jurisdictional error."

In a number of cases similar expressions may be found. The doctrine which was adopted by the trial court, and which to me seems to be sound, leads to the conclusion that powers conferred by statute upon the board of review were not exercised under the circumstances and requirements of the statute, and that the acts done November 9th and 10th were without authority, and the evidence received on those days affords no support to the ultimate ruling of the board.

The view I take is consistent with the general plan of the statutes involved. At the close of the presentation of

testimony by the taxpayer, the board had reached a point where it necessarily must lower the assessment. There is authority holding that the board having indicated to the taxpayer that there would be no further evidence in the matter, and the record then standing with competent testimony, unimpeached, showing that the assessor's judgment was at fault, the taxpayer had established a right to a lowered assessment. The board in its later proceeding was in effect raising an assessment which had already been reduced. Sec. 70.47 (3) requires that, before the board raises an assessment, the taxpayer must be duly notified. See *People v. Cantor,* 109 Misc. 495, 180 N. Y. Supp. 153; *Ward County v. Wentz* (Tex. Civ. App.), 69 S. W. (2d) 571.