MARCEL DANDENEAU, Assembly Chief Clerk Committee on AssemblyOrganization Wisconsin State Assembly
You request my opinion on whether a law patterned after that previously proposed by 1977 Assembly Bill 1207 would be constitutional under Wis. Const. art. VIII, sec. 1. 1977 Assembly Bill 1207, like a number of similar bills proposed during every legislative session since 1971, sets forth certain statutory provisions intended to exempt buildings and improvements from general property taxes. Papers forwarded with your opinion request indicate that the principal features of the plan currently proposed for introduction during the 1979 session include:
 (1) Creation of a statute allowing any taxation district to elect to apply "land value taxation," to all lands within its boundaries, i.e., the taxation of land as defined in sec. 70.03, Stats., but exclusive of buildings or structures.
 (2) Creation of one assessment roll for "land value taxation" and another assessment roll for "all other purposes," including calculation of equalized valuation. *Page 77 
 (3) A ten-year "phase-in" period during which a progressively diminishing tax is imposed on buildings and improvements, ending with a total exemption of such buildings and improvements.
 (4) A statement in the proposed statute indicating that: This section is intended to be a reasonable exercise of the power invested in the Legislature under Wis. Const. art. VIII, sec. 1, to empower taxation districts to collect and return taxes on real estate located therein by optional methods.
Wisconsin Constitution art. VIII, sec. 1, provides in part, as follows: "Section 1. The rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods. Taxes shall be levied upon such property . . . as the legislature shall prescribe."
For a tax to be constitutionally uniform it must meet the following standards:
 1. For direct taxation of property, under the uniformity rule there can be but one constitutional class.
 2. All within that class must be taxed on a basis of equality so far as practicable and all property taxed must bear its burden equally on an ad valorem basis.
 3. All property not included in that class must be absolutely exempt from property taxation.
 4. Privilege taxes are not direct taxes on property and are not subject to the uniformity rule.
 5. While there can be no classification of property for different rules or rates of property taxation, the legislature can classify as between property that is to be taxed and that which is to be wholly exempt, and the test of such classification is reasonableness.
 6. There can be variations in the mechanics of property assessment or tax imposition so long as the resulting taxation shall be borne with as nearly as practicable equality on an ad valorem basis with other taxable property. *Page 78 
Gottlieb v. Milwaukee 33 Wis.2d 408, 424, 147 N.W.2d 633
(1967).
The apparent intent of the proposed legislation is to create a class of property, i.e., buildings and structures — severed from the land, which would be exempt from the general property tax within any city, town or village adopting "land value taxation" but which would be subject to the general property tax in tax districts not adopting "land value taxation." During the ten-year "phase-in" period, the property in the proposed class would also be subjected to a partial tax and, by the same token, a partial tax exemption.
In my opinion, a law with such features would be unconstitutional under the standards imposed by Wis. Const. art. VIII, sec. 1. The plan would create more than one class of property for the purpose of direct taxation, the so-called exempt property would not be "absolutely exempt from property taxation" and such property would neither "bear its burden equally on an ad valorem basis" with other property within the district nor with similar property outside the district.
Under the Wisconsin Constitution, it is in the hands of the Legislature, not local taxing entities, to determine what property will be taxed. Thus, in Nash Sales, Inc. v. Milwaukee,198 Wis. 281, 287, 224 N.W. 126 (1929), our court states:
 If we leave out superfluous words the mandate is: "`The rule of taxation shall be uniform . . . upon such property as the legislature shall prescribe.' . . . The right of the legislature to prescribe what property shall be taxed includes the right to prescribe what shall not be taxed. The right of choosing some from the multiplicity of kinds, classes, species, use and ownership of property in the state, and the rejection of others, includes the absolute power to discriminate between what shall be chosen and what rejected, except in so far as it may be limited by the requirement of a uniform rule." Wis. Cent. R. Co. v. Taylor County, 52 Wis. 37, 92, 8 N.W. 833.
(Emphasis added.) And, in Gottlieb, supra at 420: "It was conceded in Knowlton, and the proposition has never been seriously challenged, that the phrase, `as the legislature shall prescribe,' confers upon the legislature the right to select some property for taxation and to totally omit or exempt others." *Page 79 
If the Legislature determines that a property is to be taxed, the rule of uniformity extends to such taxable property wherever it may be found. Thus, whatever property is made taxable at all, should be taxed by a uniform rule, which is designed to secure equality of burden as between all taxable property in the state.State ex rel. Att'y Gen. v. Winnebago Lake Fox River PlankroadCo., 11 Wis. 34 [*35], 41 [*42] (1860).
It should further be appreciated that: "[T]he uniform rule of taxation . . . extends to all taxes levied for the purpose of revenue, or the support of the government, whether the moneys were used in defraying the expenses of municipal corporations, such as towns, villages, cities and counties, or those of the state at large." Lumsden v. Cross, 10 Wis. 225 [*282], 227 [*284] (1860). See also, State ex rel. Reedsburg Bank v. Hastings,12 Wis. 52 [*47], 53 [*48] (1860).
Proponents of "land value taxation" apparently argue that uniformity of taxation is achieved where the exemption of all buildings and improvements from general taxation is total within a particular tax district. But this argument ignores the fact that under such a system buildings and improvements would be uniformly taxed as a class in other tax districts and, during the proposed ten-year "phase-in" period, would also be taxed, in part, even in tax districts adopting "land value taxation." In the seminal case interpreting Wis. Const. art. VIII, sec. 1,Knowlton v. Supervisors of Rock County, 9 Wis. 378 [*410] (1859), the court rejected the argument that uniformity exists when certain taxable property is classified for separate tax treatment and is treated uniformly within that separate class, saying at p. 390 [*421-*422]: "The answer to this argument is. that it creates different rules of taxation to the number of which there is no limit, except that fixed by legislative discretion, whilst the constitution establishes but one fixed, unbending. uniform rule upon the subject."
The proposal here establishes many rules for the taxation of buildings and structures attached to land. Within the "land value taxation" district the rule would depend on which stage of the ten year "phase-in" is applicable. Outside the district, the rule would depend on whether or not the local taxing district had chosen "land value taxation," and different rules on the tax liability of buildings and structures would prevail among such districts. not only in reference to *Page 80 
local general taxes, but also as to property taxes imposed on a county and state-wide basis.
Under the proposed legislation the local city, village or town determines, in each individual instance, whether to adopt "land value taxation." Nothing in the proposal sets forth standards for exercising such an option by which the reasonableness of such a classification could be tested. The only basis referred to as justifying the proposed delegation is the apparent reliance on that language of Wis. Const. art. VIII, sec. 1, which authorizes the Legislature to empower local tax districts "to collect and return taxes on real estate located therein by optional methods." Nevertheless, the creation of a class of taxable property and the creation of exemptions from taxation, as well as the assessment of property and the levy of the tax, precede the actual "collection and return" of such taxes and are completely separate steps in the taxation of property. The latter steps may be accomplished by optional means, but the former may not.
Some of the stages in the taxation of property under Wis. Const. art. VIII, sec. 1, were discussed in Knowlton, supra at 388-389 [*420-*421], as follows: "The act of laying a tax on property consists of several distinct steps, such as the assessment or fixing of its value, the establishing of the rate, etc.; and in order to have the rule or course of proceeding uniform, each step taken must be uniform." The language, "but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods," added to the constitutional provision by amendment adopted in April, 1941, only relieved the Legislature of the need to retain uniformity in reference to the final collection and return of such real estate taxes. In fact, the records of the Wisconsin Legislative Reference Library and the language of 1941 Enrolled Joint Resolution 18, which submitted the constitutional amendment question to the electorate, indicate that the amendment was actually designed principally to permit the Legislature to authorize local tax districts to provide various types of installment tax payments. Significantly, shortly after the ratification of the constitutional amendment, the Legislature adopted ch. 133, Laws of 1943, which dealt with installment payment of real estate taxes, and created sec. 74.031, Stats., permitting the payment of such taxes in three or more installments, outside cities of the first class, at the option of the city, village or town; and made provision for the return of delinquent taxes. Thus, *Page 81 
this constitutional language does not provide an exception to the uniformity provisions of Wis. Const. art. VIII, sec. 1, which would permit the adoption of a statute allowing local tax districts the option of exempting buildings and improvements from general property taxes.
BCL:JCM