The Honorable Walter Kunicki Chairperson Assembly Organization Committee 212 North, State Capitol Madison, Wisconsin 53702
Dear Representative Kunicki:
You ask whether a change in Wisconsin law which would provide a different assessment date for newly constructed property would be constitutional under the Uniformity Clause. As an example of that kind of law you refer to 35 Illinois Compiled Statutes 205/27a (West 1993). That law provides:
 [T]he owner of real property on January 1 shall be liable, on a proportionate basis, for the increased taxes occasioned by the construction of new or added buildings, structures or other improvements on such property from the date when such improvement was substantially completed and initially occupied or initially used, to December 31, of such year. The owner of such improved real estate shall notify the assessor, within 30 days of completion of the improvements, on a form prescribed by such official, of any such construction and request that the real estate be reassessed. Such notice shall be sent by certified mail, return receipt requested and shall include the legal description of the real estate.
The Illinois law also provides that an assessment may be reduced during any year in which buildings, structures or improvements are destroyed or become uninhabitable. In my opinion, such a statute would not be consistent with the requirements of Wisconsin's Uniformity Clause.
The pertinent part of Wisconsin Constitution article VIII, section 1 provides: "The rule of taxation shall be uniform . . . . *Page 95 
[t]axes shall be levied upon such property . . . as the legislature shall prescribe."
Our supreme court construed the Uniformity Clause soon after Wisconsin became a state. The court held that the constitution required that:
 [T]he course or mode of proceeding in levying or laying taxes shall be uniform; it shall in all cases be alike. The act of laying a tax on property consists of several distinct steps, such as the assessment or fixing of its value, the establishing of the rate, etc.: and in order to have the rule or course of proceeding uniform, each step taken must be uniform. The valuation must be uniform, the rate must be uniform.
Knowlton v. Supervisors of Rock County, 9 Wis. 378 (*410), 389 (*420-21) (1859). The Uniformity Clause requires that property either be taxed or be absolutely exempt. Partial exemptions from property tax, valuation based on classes of property and property tax rates based on classifications of property are all unconstitutional. Knowlton; Chicago N.W.R. Co. v. The State,128 Wis. 553, 108 N.W. 557 (1906); State ex rel. Baker Mfg. Co.v. Evansville, 261 Wis. 599, 53 N.W.2d 795 (1952); Gottlieb v.Milwaukee, 33 Wis.2d 408, 147 N.W.2d 633 (1967).
Section 70.10, Stats., provides: "The assessor shall assess all real and personal property as of the close of January 1 of each year." Manufacturing property, which is assessed by the Department of Revenue, must also be assessed as of the close of January 1. Sec. 70.995 (5), Stats.
One of the principles of uniformity provides that in general "[t]here can be variations in the mechanics of property assessment or tax imposition so long as the resulting taxation shall be borne with as nearly as practicable equality on an advalorem basis with other taxable property." Gottlieb,33 Wis.2d at 424. The law, therefore, may provide for different methods of valuing personal and real property, but if those different methods result in materially different values, the law violates the *Page 96 
uniformity clause. Town of Menominee v. Skubitz, 53 Wis.2d 430,439, 192 N.W.2d 887 (1972).
Unlike Wisconsin's Uniformity Clause, which requires uniformity of taxation for all property both real and personal, the Illinois constitution only requires uniformity of taxation for real property. Ill. Const. of 1970, art. IX, § 4 (a). A Wisconsin law which followed the Illinois statute would be unconstitutional under Wisconsin's Uniformity Clause because it would result in the value of personal property being assessed at its value on January 1 of each year but would provide a different method of valuation for real property, a method that made allowances for changes in valuation during the year. That would violate Wisconsin's constitutional requirement of uniformity of taxation of real and personal property without distinction.Baker, 261 Wis. at 608-10.
My conclusion that the Illinois system of assessing real property would not be constitutional under Wisconsin's Uniformity Clause, because it creates unequal assessments between personal and real property, makes it unnecessary to consider whether the law would be unconstitutional for other reasons. I would point out, however, that the law makes allowances for changes in value if the value of the land is changed because of the addition of improvements or damage to improvements, but makes no provision for other factors which could cause a radical change in valuation during the year, for example, the construction of a commercial building next to a residence or the addition or abandonment of a road. Since the law would only recognize changes in valuation caused by changes in improvements, there is serious question whether the law would be constitutional under Wisconsin's constitution even if the law somehow treated personal property uniformly.
Of course, any statute would be presumed to be constitutional and would have to be found unconstitutional beyond a reasonable doubt. Village of Oregon v. Waldofsky, 177 Wis.2d 412, 418,501 N.W.2d 912 (Ct.App. 1993). The requirements of the *Page 97 
Uniformity Clause are strict, however, and this office has found state statutes, e.g., 77 Op. Att'y Gen. 128 (1988), and proposed legislation, 68 Op. Att'y Gen. 76 (1979), to be inconsistent with those requirements. I conclude that a law patterned on the Illinois statute would be found to be unconstitutional under Wisconsin's Uniformity Clause.
Sincerely,
 James E. Doyle Attorney General *Page 98