STATE EX REL. DEFOREST, Appellant, vs. HOBE, City Clerk,
Respondent.

*January 10—January 31, 1905.*

(1) *Statutes: Construction.* (2, 3) *Taxation: Board of review: Dep-
ositions not admissible: Waiver.*

1. Where a general statute covering an entire subject matter is so
   repugnant to a special statute covering some particular part
   thereof that effect cannot reasonably be given to both, the lat-
   ter is to be read as an exception to the former. Thus, sec. 1061,
   Stats. 1898, relating to the manner of making proof before a
   board of review, must be considered as making an exception to
   the general statute (sec. 4086) as to depositions.
2. Under sec. 1061, Stats. 1898, a board of review is to take evi-
   dence by the examination of witnesses who appear before it,
   and in no other way. Depositions, even of nonresident prop-
   erty owners, cannot be considered. *State ex rel. Giroux v.
   Lien,* 112 Wis. 282, affirmed; *State ex rel. Vilas v. Wharton,* 117
   Wis. 558, explained.
3. A board of review cannot waive the requirements of sec. 1061,
   Stats. 1898, as to the taking of evidence before it.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

Appellant sued out a writ of *certiorari* to obtain a review
by the circuit court for Douglas county of the proceedings of
the board of review of the city of Superior in such county,
respecting the assessment of his property. By the petition
for and the return to the writ these facts appeared:

Appellant in 1903 owned 444 2–3 shares of the capital
stock of the First National Bank of the city of Superior. He
was a resident of the state of New York. In due time the
proper officers of said city assessed said stock to him at the
par value thereof. Thereafter he made an affidavit before a
notary public in New York to the effect that his *bona fide* in-
debtedness for each and every month for the year prior to
May 1, 1903, exceeded all moneys and debts due him, includ-

ing such stock, other than United States bonds and securities
not taxable. Such affidavit was filed with the assessing offi-
cers, but they, nevertheless, completed their roll ready for the
board of review without making any change in the assessment
of appellant's property. In due time he objected to such as-
sessment before said board, and by his agent filed with such
board in support of such objection his deposition taken in
New York on due notice to the city as in case of a deposition
for use in a judicial proceeding, in which he testified that the
amount monthly of moneys and debts due him for the year
ending May 1, 1903, did not exceed $100,000 and that the
average amount of his indebtedness during the said year for
each and every month thereof exceeded $150,000, and ex-
ceeded all moneys and debts due or to become due to him,
other than United States bonds and securities not taxable, in-
cluding the full value of the aforesaid stock. In addition to
the deposition, appellant's agent presented to the board of re-
view, in support of the objection aforesaid, the affidavit filed
with the assessing officers, the affidavit of the cashier of the
bank, showing the distribution of the capital stock thereof,
residence of the several stockholders, and the par value of the
stock. The board, nevertheless, on such evidence overruled
appellant's objection and confirmed the assessment of his
property as made by the assessing officers.

Upon the writ and the return thereto respondent moved
to quash the writ and the motion was granted, whereupon
judgment was rendered accordingly.

For the appellant there was a brief by *Luse, Powell, deFor-
est & Luse,* and oral argument by *L. K. Luse.*

*Thomas E. Lyons,* for the respondent.

MARSHALL, J. The first proposition submitted is that the
board of review committed jurisdictional error in refusing to
consider and give weight to appellant's deposition. Sec. 4086,
Stats. 1898, is referred to as authorizing proof to be made in

that way, as to any matter material to be established before any tribunal created by law. That is the general statute on the subject of depositions, and is as follows:

"Depositions may be taken in the manner and according to the regulations provided in this chapter to be used before any court, including the supreme court, magistrate or any other person authorized to examine witnesses or hear testimony in any action or proceeding or any motion therein, or in any civil matter or proceeding. In all criminal or quasi-criminal cases in courts of record the defendant, on notice to the district attorney, may apply to the court or the presiding judge thereof for leave to take the deposition of any material witness within the state who is in imminent danger of death or who is without the state; and if it appears to the satisfaction of the court or judge that due diligence has been used in making such application, that such witness is material, and is in such danger or without the state and that his attendance cannot, by the use of due diligence, be procured upon the trial, such leave may be granted; and such court or judge shall determine whether such deposition be taken on verbal or written interrogatories and cross-interrogatories, and the same when so taken may be used on the trial in the same manner as in civil cases."

We need not stop to inquire whether that language viewed by itself includes the use of depositions before equalizing boards, if the manner of making proof before such tribunals is expressly, or by necessary implication, pointed out by a statute so inconsistent therewith that one must yield to the other. There is no more familiar rule for statutory construction than that in case of a general statute covering an entire subject matter which is so repugnant to a special statute covering some particular part thereof that effect cannot reasonably be given to both, the latter is to be read as an exception to the former. *Mead v. Bagnall,* 15 Wis. 156; *Woodbury v. Shackleford,* 19 Wis. 55; *Schieve v. State,* 17 Wis. 253; *Western Bank v. Tallman,* 17 Wis. 530; *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979.

Sec. 1061, Stats. 1898, regulates the manner of producing proof before boards for the equalizing of assessment of property for taxation. The language thereof is as follows:

"They are hereby required to hear and examine any person or persons upon oath who shall appear before them in relation to the assessment of any property upon said roll. . . . Any person who thinks the aggregate valuation of his personal property by the assessor too high may appear and state to the board under oath the true aggregate valuation of all personal property upon which he is liable to taxation, and if the board shall be satisfied of the truth of such statement they shall take the valuation so fixed by him as the true aggregate valuation of his personal property. The board of review shall, when satisfied from the evidence taken that the assessor's valuation is too high or too low, lower or raise the same accordingly, whether the person assessed appear before them or not. . . . Any person claiming any correction of the assessment may call witnesses to support the same or to show that any property on the roll is assessed too high or too low, and the attendance of witnesses may be compelled. . . . The clerk shall . . . reduce to writing and preserve the examination and statements of every person and witness taken by the board."

It is not considered that the amendment thereto, ch. 284, Laws of 1903, changed the rule of evidence as it stood before. It only provides that the property owner may file his objections by an agent. The manner of producing evidence to support them is not referred to.

It will be easily seen that the language last quoted, at every point where the matter is referred to, plainly suggests the taking of evidence by the examination of witnesses before the equalizing board and in no other manner. The board is required "to examine any person or persons upon oath who shall appear before them." "Any person . . . may appear and state to the board upon oath," etc. The board is required to act upon "the evidence taken," plainly referring back to the language particularly noted. The clerk is required to "reduce to writing . . . the examination and statements of every

person and witness taken by the board," plainly again referring back to the method aforesaid of making proof. As an original proposition we could not escape the conclusion that such method so plainly pointed out is exclusive.

True, as counsel suggests, the foreign taxpayer under such a construction of the statute, as above indicated, may be put to some disadvantage as compared with resident taxpayers. But if the statute plainly requires the personal attendance of a witness before the board as a condition of his evidence being received, as to us it seems to do, the court cannot add to it or take therefrom. Probably the legislature in providing, as indicated, appreciated that the law permitting the taking of depositions in the ordinary way for use before equalizing boards might render it necessary for a municipality in order to protect the public interests to incur large and burdensome expenses for services of attorneys to attend upon the examination of witnesses in foreign jurisdictions, and that the proceedings in that regard might require so much time as to preclude the carrying out of the statutory scheme for the completion of the assessment roll in a short period after its coming before the equalizing board. This agrees with views expressed in *State ex rel. Giroux v. Lien,* 112 Wis. 282, 87 N. W. 1113. We are strongly urged to modify, or limit, or perhaps overrule that case, but upon full consideration of the matter we are convinced that the intent of the legislature was there correctly declared. The statute contemplates the taking of evidence before the board of review, and in that manner only, affording it an opportunity to interrogate the witnesses. That is in harmony with the requirement that the affidavit to be given by the property owner to the assessor must be sworn to before the latter.

Our attention is called to *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359, as modifying the *Giroux Case.* We do not so regard it. There the agent of the property owner was personally examined before the board of review

on oath and offered in connection with his evidence some documents which were verified by him and tended to establish the facts in controversy. If the papers, independently of the evidence of the witness, had been offered as part of a deposition it might well be said that the circumstances were out of harmony with what was said in the *Giroux Case.*

It is further suggested that since an affidavit in the form required by sec. 1056, Stats. 1898, and the deposition were received by the board without objection, compliance with the statute as to personal appearance before the board, if that were required, was waived. *In re Corwin,* 135 N. Y. 245, 32 N. E. 16, is confidently referred to in support of that. The affidavit said to be such as is required by sec. 1056 was not so in fact, because it was not sworn to before the assessor. It was a sworn statement not authorized to be used either before the assessor or the board of review.

Had the board jurisdiction to waive the statutory method for making proof before it? It seems not. If *In re Corwin, supra,* were to the contrary under similar circumstances, we should not be inclined to follow it. The point there involved was whether the board of assessors had jurisdiction to act upon evidence of the property owner's agent, who appeared in his behalf and admitted all facts material for the board to know. True, in leading up to the final conclusion the justice who wrote the opinion said in effect *arguendo* that where facts essential to the interests of a property owner can only be established by evidence, and his "personal appearance is impracticable . . . the taxpayer cannot be denied the opportunity to present his grievance by attorney, with proofs to support it," and where, when proof is offered other than by personal attendance of witnesses before the board, it is received and such attendance is not demanded, it might well be held that any objection thereto that might have been made was waived. The court, however, was not in the discussion treating of rights other than those given by the particular statute

under consideration. There is nothing in the decision, which we can discover, to the effect that where a statute plainly requires the board of review to decide upon evidence of witnesses taken before it and reduced to writing by its clerk, it can waive that method or that the statute can be in any way evaded.

Referring to the New York statute which the court had under consideration, as above, sec. 5, tit. 4, ch. 535, Laws of 1888, we find that it left the whole subject of procedure in discovering the facts necessary to correctly determine the proper valuation of property to the discretion of the board. The power was conferred in this broad language:

"Upon such review the said board of assessors, as a board, shall have power to correct, alter, amend, subtract from and add to such assessment roll of said city, in such manner as in their judgment may be proper."

The court might well have held, under such unlimited authority, the board could in its discretion require the personal appearance of the property owner or not as it saw fit, not transcending the boundaries of sound discretion, and that if it acted in a manner indicating that such appearance would not be required, it would be deemed waived.

The foregoing renders it unnecessary to consider any other question presented on this appeal. It appearing that there was no evidence before the board upon which they could legitimately grant the request of appellant to change the assessment of his property made by the assessor, it had no other course to pursue than to deny such request.

*By the Court.*—The judgment is affirmed.