MADISON AERIE No. 623 FRATERNAL ORDER OF EAGLES, INC., Appellant, vs. CITY OF MADISON, Respondent.

*March 7—April 9, 1957.*

474

For the appellant there was a brief by *McAndrews & Melli,* and oral argument by *William K. Chipman* and *Joseph A. Melli,* all of Madison.

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Henry B. Buslee,* assistant city attorney, and oral argument by *Mr. Buslee.*

BROWN, J.    The appellant submits that both the assessor and the board of review failed to make an apportionment between taxable and exempt values in the manner prescribed by sec. 70.11 (8), Stats., resulting in a gross overassessment.

"The courts do not have jurisdiction to disturb the findings of a board of review except where the board acts in bad faith or exceeds its jurisdiction. *State ex rel. Pierce v. Jodon* (1924), 182 Wis. 645, 197 N. W. 189. In the absence of bad faith, if the evidence presented to the board of review is sufficient to furnish a substantial basis for the valuation found by the board, its decision will not be disturbed. *Wisconsin Malting Co. v. Manitowoc* (1937), 225

Wis. 393, 274 N. W. 288." *State ex rel. Enterprise Realty Co. v. Swiderski* (1955), 269 Wis. 642, 644, 70 N. W. (2d) 34.

Clear errors of law, however, may be corrected by the courts upon certiorari. *Milwaukee Iron Co. v. Schubel* (1872), 29 Wis. 444, 451. The appellant contends that the board's alleged violation of sec. 70.11 (8), Stats., in apportioning the nonexempt use brings relief within the scope of certiorari.

The record shows that in their clubhouse the Eagles operate a dining room, bar, bowling alley, and numerous meeting rooms and halls. These facilities are served by the heating and ventilating systems and kitchen which occupy other portions of the building. The dining room is open to and used by the public from 11:30 a. m. to 2 p. m. daily and to members and their guests, only, from 5 p. m. to midnight on weekdays and 12:30 a. m. on week ends. During the public hours many of the patrons are Eagles. The bowling alley is open to and used by the public on Saturday and Sunday. On Monday it is used at certain hours by the Gisholt League and the Industrial League, on Tuesday by the Workmen's League and the Sportmen's League, on Wednesday afternoon by the Industrial League. Only Eagles and their guests use the alleys on other days. Many members of the various league teams are Eagles and on Saturdays and Sundays many of the bowlers are Eagles. Compensation is paid for the use of the alleys by the bowlers whether Eagles or not. The bar is used by nonmembers during the hours when they may patronize the other departments of the clubhouse. The meeting halls and other rooms are used primarily by Eagles, their families, and guests, but there is a fairly constant and regular rental of these spaces to outsiders for dances and receptions. Appellant supplied the board of review with figures tending to show the proportion of members and their guests, compared to nonmembers, who used

the clubhouse at the times it, or part of it, was open to nonmembers, and contends that the statute demands that the nonexempt use be determined by this comparison. For example, if during the time the dining room is open to the public one half the patrons are Eagles the taxable value of the dining room for that time is an undivided one half of the actual value, the other undivided one half being exempt because the customers served are Eagles. The city, on the other hand, submits that during the hours when the public is served the whole dining area, with its kitchens, heating and ventilation is a public, not a fraternal facility, and no proportion of its value is exempt, regardless of the number of Eagles who may be dining there compared to the diners who are not Eagles.

Statutes exempting property from taxation are to be strictly construed and all doubts are resolved in favor of its taxability. To be entitled to tax exemption the taxpayer must bring himself within the exact terms of the exemption statute. These principles are so well established that specific citation is unnecessary. Those who doubt them may refer to 16 Callaghan's Wisconsin Digest, Taxation, p. 59, sec. 98.

As we read sec. 70.11 (8), Stats., it does not confine the board of review to the *per capita* standard urged by appellant but contemplates the employment of "all other factors tending to measure the extent of such [*i. e.*, nonexempt] use." We consider it is quite reasonable, and not in conflict with sec. 70.11 (8), for the board to conclude that during public hours the dining room is a public dining room whose taxability is not reduced by the presence of Eagles who get there nothing not equally available to nonmembers, while such nonmembers, in turn, get everything available to the most eminent Eagle. For the time being the Eagles are enjoying facilities which the clubhouse offers the public for compensation and it is neither dishonest nor arbitrary nor, we think, contrary to the statute to measure and tax the

facility as one so devoted to public, not fraternal, use. In like manner we regard the bowling alleys. At the times when the various leagues mentioned above are bowling, the board of review is neither dishonest nor arbitrary nor violating any clear command of the statute in recognizing that the bowlers are present not because they are Eagles but because they are league members. If they are Eagles that is incidental and immaterial in measuring the nonfraternal use of an alley, or at least the board of review may so determine and be sustained. And so it goes, with the bar and those other parts of the clubhouse which are used at times exclusively for members and at other times nonexclusively for compensation and pecuniary profit.

Appellant submits that the board of review measured the nonexempt use by the *availability* of part of the clubhouse for nonexempt use and that the availability standard was disapproved by this court in *Trustees of Clinton Lodge v. Rock County* (1937), 224 Wis. 168, 272 N. W. 5. That case differs radically upon its facts from the present one. The Lodge owned a building whose ground floor was occupied by a store and whose upper floor was used for fraternal purposes. The store tenant moved out. Shelving and other fixtures suitable for business remained in the premises and the Lodge held that portion of the building ready and available for a new tenant when one should be found. None was immediately forthcoming and in the interim the Lodge used the space for a game room to which none but members were admitted. We held that the availability of the ground floor for nonexempt use did not render it taxable while the actual use was fraternal. In the case at bar there was both availability of club property for public use plus use by the public; an offer to and an acceptance by the public. Appellant's argument seems to us to involve the untenable proposition that if the Clinton Lodge had set up

a public barroom in the vacated store where it served all comers the exemption would continue, being diminished only by the proportion of patrons who did not belong to the Lodge. We see no conflict with the *Clinton Lodge Case, supra,* in a present affirmance of the action of the board of review based on the consideration that the Eagles' offer to the public followed by the public's acceptance, manifested by its use of the facilities, for the time being created the facility a public one and destroyed the entire exemption during the period of such use.

We do not intend to say that the method advocated by appellant would not be permissible under sec. 70.11 (8), Stats., nor that the board of review might not have used it in the honest belief that it provided a measurement of the extent of nonexempt use. But we also consider that the method adopted by the board is permitted by the statute and both the board's theory and its application of the theory in relation to the evidence concerning the values of the facilities and the proportion of their public and compensated use is within those limits which cannot be reached by certiorari.

Accordingly, the trial court did not err in dismissing appellant's petition and sustaining the action of the city board of review.

*By the Court.*—Judgment affirmed.