28

STATE EX REL. GREGERSEN, Respondent, v. BOARD OF RE-
VIEW OF TOWN OF LINCOLN and others, Appellants.

*September 8—October 7, 1958.*

30

For the appellants there were briefs and oral argument by *Allen Kinney* of Amery.

For the respondent there was a brief and oral argument by *E. Nelton* of Balsam Lake.

A brief was filed by *Robert D. Sundby* of Madison, legal counsel for the League of Wisconsin Municipalities, as *amicus curiae*.

WINGERT, J. The judgment must be reversed and the action of the Board of Review affirmed, because the taxpayer has failed to show that his asserted right to cross-examine the special assessor was denied rather than merely postponed, or that he was materially prejudiced by its postponement.

1. *Right to cross-examine special assessor*. The taxpayer had the right, *prima facie*, to examine the assessor, as an adverse witness and without being bound by his testimony, at some appropriate stage of the proceeding before the board.

Sec. 70.48, Stats., provides that:

"The assessor shall attend without order or subpoena all hearings before the board of review and under oath submit

to examination and fully disclose to said board such information as he may have touching his assessment and any other matters pertinent to the inquiry being made. . . ."

The complete denial of such examination to the taxpayer, where prejudicial, is reversible error. *State ex rel. Baker Mfg. Co. v. Evansville,* 261 Wis. 599, 606, 53 N. W. (2d) 795. On that case, which was also on certiorari to a board of review, this court said:

"The company had obtained and offered in evidence data from which the assessor presumably compiled the assessment roll. The assessments of the company's property were very materially higher than the total of the component elements. The assessor was asked by the company to explain or reconcile the discrepancy. The city objected that to permit answers to be given to such questions would impeach or contradict his certificate. The city attorney stated the law to be that the taxpayer has no right to find out what the assessor did or why he did it, and the board by sustaining his objections to questions directed to that subject prevented such inquiry. We consider that the law is otherwise and the rulings of the board of review denied the taxpayer rights given him by statute, *resulting in jurisdictional error.*" (Emphasis supplied.)

The right to examine the assessor includes the right to cross-examine him without being bound by his testimony, and to call him for such examination although the board has not called him nor examined him. It would be unfair to the taxpayer, and in many cases would gravely impair the practical value of his right of examination, to require him to make the assessor his own witness and be bound by his testimony in order to exercise such right, or to condition the right on the calling of the assessor for prior examination by the board. This right of the taxpayer is subject to reasonable and non-prejudicial regulation and limitation by the tribunal in which it is asserted. It is not a wide-open authority to waste time, pursue irrelevancies, or conduct fishing expeditions beyond accepted limits.

In the present case the petitioner demanded to cross-examine the *"special* assessor," although the assessor was also present. Neither the parties nor the county court make any point of the distinction between the assessor and the special assessor, and they treat the case as if the demand had been to examine the assessor. We may infer that the special assessor was the one who actually determined the values to be placed on the property of petitioner and others in the town. Without considering whether or to what extent a taxpayer may have a right to examine subordinate employees in the assessor's office, we may assume that in the instant case the right to examine the assessor extended to examination of the special assessor.

2. *Examination was deferred, not denied.* We are unable to agree with the county court that the board denied the right to cross-examine the special assessor, instead of merely postponing such examination until the taxpayer's own testimony or some other evidence should be produced. A complete denial of rights should not be lightly inferred from ambiguous and inconclusive rulings. Since the county judge had before him only the same written record that is before us, we are not bound by his interpretation of the various statements constituting the board's rulings.

The record is ambiguous. Statements were made during the hearing that, taken alone, would support the taxpayer's contention that he was refused permission to cross-examine the special assessor at any time. The record must be read as a whole, however, and we think it sufficiently appears that toward the end the board indicated willingness to permit the examination of the special assessor later in the hearing, but insisted that the taxpayer first present other evidence in support of his contentions. When the chairman of the board finally stated, in response to the taxpayer's request for a ruling, that, "I think we won't have him examined at this time. . . . We want to hear the taxpayer," there was ample ground for interpreting it as a ruling that examination of

the assessor would only be postponed, not denied. When the taxpayer then walked out of the meeting without obtaining a clarification of the ruling, he did so at his peril.

We therefore treat the board's ruling as merely requiring the taxpayer to offer his own testimony or some other evidence in support of his objections to the assessment before calling the special assessor.

3. *Prejudice not shown.* Generally speaking, a taxpayer should be permitted to present his case to a board of review in the order which he deems best, including that part of his case which consists of examination of the assessor. The provision in sec. 70.47 (8) (b), Stats., that "The owner or his representatives and *his witnesses* shall first be heard" is not to the contrary, for we consider that the expression "his witnesses" is not limited to witnesses sponsored by the taxpayer and by whose testimony he will be bound, but includes all witnesses called by him as part of his case-in-chief, includes adverse witnesses called for cross-examination.

On the other hand, administrative tribunals must be granted some discretion in controlling the order in which witnesses shall be called and testimony taken before them. Neither the rights of the taxpayer nor those of the board are absolute in all circumstances. Each must yield somewhat to the necessities of the other.

In at least one type of situation it may be very important to the taxpayer to examine the assessor as an adverse witness at the very outset; *i.e.,* where the taxpayer wishes to elicit material information peculiarly within the knowledge of the assessor and more easily obtainable from him than provable by other means. For example, if the taxpayer's contention be that the entire class of property to which his belongs has been systematically assessed at a different fraction of full value than other classes of property, in violation of the rule of uniformity declared in *State ex rel. Baker Mfg.*

*Co. v. Evansville,* 261 Wis. 599, 609, 53 N. W. (2d) 795, a few questions to the assessor may quickly establish facts which could otherwise be proved only by the time-consuming and expensive method of proving the values of a large sampling of properties to show that discrimination has been practiced against one class. Other examples might be suggested. Where the case is one of that sort, the taxpayer's right to determine the order in which he will present his case, and to call the assessor at the outset for cross-examination, is a matter of such substance that only extraordinary circumstances could warrant its denial. On the other hand, in an ordinary case where the sole contention is that the assessor has overestimated the value of taxpayer's own property, circumstances may justify the board in requiring the taxpayer to present his own testimony on value or that of his expert witnesses before examining the assessor.

Since the right of the taxpayer to cross-examine the assessor at the outset is not absolute in all circumstances, normally he must call the attention of the board to facts indicating that he may be prejudiced by its denial before the denial will be jurisdictional error. Likewise he cannot expect a court to set aside the assessment on certiorari in the absence of some showing that the board's ruling has been materially prejudicial in fact. It is elementary that where, as here, there is no question of bad faith on the part of the board, its actions can be set aside on certiorari only where it has exceeded its jurisdiction. *Madison Aerie No. 623 F. O. E. v. Madison,* 275 Wis. 472, 474, 82 N. W. (2d) 207. Such boards have jurisdiction to err in unsubstantial details. To be "jurisdictional," a procedural error in determining the order of proof must at least be prejudicial.

In the case at bar, the assessments were challenged on the two grounds that the property was not assessed at fair market value and that it was not assessed on the same basis as other property in the town. The latter objection is one of

those where it might well be that the testimony of the assessor would establish in a few minutes material facts that would otherwise be difficult, tedious, and expensive to prove. However, the taxpayer did not apprise the board of any such possibility, nor indeed did he relate his request to the objection based on discrimination rather than to that based on mere overvaluation. The only explanation he gave in support of his demand was that "the taxpayer is entitled to know the basis the assessor used to arrive at his figures." So far as the record discloses, he made no contention and no showing that he would be prejudiced by deferring the examination of the special assessor until after the taxpayer himself had testified, but instead may reasonably have been understood as claiming an absolute right for which no justification was required. If he thought he would be prejudiced by waiting until after his own testimony to examine the assessor, he owed it to the board to assert such prejudice and explain how it might result. Having failed to do so, he cannot later be heard to say in court that the board exceeded its jurisdiction in directing him to put in other testimony first.

By the same token, a petitioner in certiorari has the burden of showing the court that the action complained of was not only erroneous, but that it was actually or probably prejudicial to a material degree, and why and wherein. The taxpayer has made no such showing. The action of the Board of Review must therefore be affirmed.

*By the Court.*—Judgment reversed, with directions to affirm the action of the Board of Review.

MARTIN, C. J., took no part.