STATE EX REL. REISS, Appellant, v. BOARD OF REVIEW OF
TOWN OF ERIN, Respondent.

*November 3—December 1, 1965.*

For the appellant there was a brief and oral argument by *Richard V. Reiss* of Milwaukee.

For the respondent there was a brief by *Simester, Schowalter & Bunk* of West Bend, and oral argument by *Henry O. Schowalter.*

FAIRCHILD, J. The critical question is whether taxpayer never obtained a right to a hearing because he failed to file a completed form of objection. If he had a right to a hearing, then the board improperly terminated it. If he had no right to a hearing, he cannot complain of the board's refusal to continue.

The controlling statute is sec. 70.47 (7) (a), Stats. It provides:

"Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review prior to adjournment of public hearings by the board. If the board is in session 5 days, including its first meeting and any adjourned meetings, all objections shall be filed within such time unless failure to file within such time is waived by the board upon a showing of good cause for such failure. The board may require such objections to be submitted on forms approved by the department of taxation. No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith

presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of his property liable to assessment in such district and the value thereof. The requirement that it be in writing may be waived by express action of the board."

The record shows that the board consistently took the position that the form filed by the taxpayer was incomplete and insufficient, and that the board did not waive the requirement that a proper written objection be filed. Apparently on August 10th, the board was willing to permit taxpayer to present his case on the merits so that if the court should ultimately rule, as claimed by the taxpayer, that the objection he filed was sufficient, the merits would have been heard and further hearing would be unnecessary. After spending many hours on August 10th and 13th, listening to cross-examination of the assessor, the members of the board evidently concluded that the presentation of the merits would consume a great deal of time and that it was better to abandon the original plan. The hearing was then terminated.

We have previously quoted the comment of the learned circuit judge, indicating that no useful purpose was being accomplished by the examination of the assessor, and upon our reading of the record, we agree.

The printed form involved in this matter is reproduced herewith. Taxpayer contends that the form consists of two parts: (1) The objection, and (2) information in support of the objection. Part (1), according to taxpayer, is the upper portion of the page, in which the description of property, amount of assessment, and reasons for objection are to be filled in. This portion, according to taxpayer, closes with the words: "and it is requested that this assessment be reviewed as provided for by law." Part (2), according to taxpayer, is the lower portion of the page, beginning: "In support of this objection, the following pertinent information is submitted."

PETITIONERS EXHIBIT No. _____

OBJECTORS EXHIBIT No. _____3_____

Russel W. Becker, Reporter *RWB*

_____1_____
No.

## FORM OF OBJECTION TO PROPERTY ASSESSMENT
### Sec. 70.47 (7) Wisconsin Statutes

_____
District

### REAL ESTATE

On the current assessment roll the property described as T3-659-NE-NE Sec 33-9-18

T3-660-NW-NE Sec 33-9-18

T3-574-SE-SW Sec 28-9-18

T3-577-SW-SE Sec 28-9-18

T3-578-SE-SE Sec 28-9-18

IS ASSESSED AS FOLLOWS: LAND 21,000 IMPROVEMENTS 19,500 TOTAL 40,500

Objection is hereby made to the above assessment for the following reasons: Last year assessment total was 27,000 — our improvements & land have not been increased to this extent

and it is requested that this assessment be reviewed as provided for by law.
In support of this objection, the following pertinent information is submitted:

Present age of structure _____ Date property was acquired March 1963

Was this property acquired by purchase _____ Inheritance _____ Gift _____

Trade _____ other _____

If recently purchased or constructed, state year and price paid 1963 $45,000

If improvements were added since, what was their nature Removed 1 Barn and 2 sheds, removed some fences and value _____ to allow for parking put in basement for _____ Bldg. 1500

(Include value of own labor and cash outlay) removed Plaster, paint on _____

What is the present fair market value of this property I do not know

Amount of fire insurance carried on buildings $5,000

If there was a recent commercial appraisal of the property, what was the value _ $ no.

Date of such appraisal _____

6/29/64
Date

FILED

Wo 6-2955
Telephone

DEC 7 1964
LAWRENCE BEREND
CLERK OF CIRCUIT COURT
OF WASHINGTON CO., WIS.

Respectfully submitted,
Robert W. Rees
Owner or Agent

Rt 1, Colgate,
Address

NOTE: Oral evidence only can be produced before the Board of Review. Such evidence must be the prevailing worth of the property and not that of some remote period.

See Reverse side for objection to Personal Property Assessments.

Taxpayer had completed part (1), but had not supplied the information called for in part (2).

We consider the types of information called for in part (2) to be relevant to the issues ordinarily raised on objection to an assessment, helpful to the board in the performance of its duty, and not unduly burdensome to the taxpayer. The statute does not specify the elements which must be included in a written objection, but does provide: "The board may require such objections to be submitted on forms approved by the department of taxation." We interpret the statute as giving the board, with the approval of the department, reasonable latitude in specifying relevant information which must be supplied as part of a written objection.

Taxpayer would concede that the board can insist upon the completion of part (1), but would deem the completion of part (2) optional. We, however, conclude that the entire form is authorized by the statute, and the board may insist upon completion of it.

During the hearing on July 30th, answers were written in a number of the blanks in part (2). Some were crossed out and others substituted. The final answer to "What is the present fair market value of the property" was "I do not know." Even if it were considered that the board had accepted the answers to other questions, this answer remained insufficient. Surely the single most important fact relevant to an assessment is the fair market value of the property, and a taxpayer who desires to proceed with an objection in good faith must be prepared to take a position as to what the fair market value is. Fair market value is not conclusive, where, for instance, the property in the taxing district is consistently underassessed, but it is always relevant.

Taxpayer contends that answers to part (2) constitute written evidence and cites *State ex rel. deForest v. Hobe* [1]

[1] (1905), 124 Wis. 8, 102 N. W. 350.

as holding that only oral and not written evidence can be considered by a board of review. The *Hobe Case,* however, involved a deposition, and relied upon the part of the statute requiring the board to examine persons who appear. The present statute expressly authorizes the board to compel the production of documentary evidence.[2] In any event, sec. 70.47 (7) (a), Stats., authorizes, in our opinion, the form which the department has approved and the board insisted upon.

Taxpayer argues that the real reason the board decided to terminate the hearing was that the assessor's testimony demonstrated that he had followed an illegal method of assessment. The written objection being insufficient, the board's motive in terminating the hearing may be immaterial. We consider it appropriate to say, however, that the suggestion that the board terminated the hearing in order to save an obviously improper assessment is unwarranted.

In 1963 the total assessment had been $27,000, and it was taxpayer's position that he had not added $13,500 in improvements and therefore the $40,500 assessment in 1964 was excessive.

It appears from the assessor's testimony, however, that the property had been originally assessed in the light of use for farming. It had just, however, been taken over by a commercial enterprise known as Powder Horn Limited. The land was to be used, on a fee basis, for hunting, hiking, swimming, fishing, horseback riding, and a day camp. One pond had been constructed and construction was about to begin on a second. The assessor concluded from this development of a new, commercial, use that portions of the land (marsh and woodland, for instance) had greater value than had been determined when considered as parts of a farm. The taxpayer had remodeled a house, formerly assessed at $1,600, and the

---

[2] Sec. 70.47 (8) (d), Stats.

assessor testified that he and taxpayer had talked about its value, and agreed on an assessment of $7,000.

A fact which taxpayer did produce at the hearing, although the assessor had not known it, was that taxpayer purchased the property in March, 1963, fourteen months before the assessment, for $45,000. Improvements were made to some extent, and these facts strongly suggest that the fair market value on May 1, 1964, was in excess of the $40,500 assessment.

". . . A taxpayer has no complaint when a valuation which could ordinarily be obtained therefor at private sale is placed upon his property, unless there is such a general undervaluation of the other property of the assessment district as will result in an excessive tax as to him." [3]

*By the Court.*—Judgment affirmed.

HALLOWS, J. (*dissenting*). I consider the form although "somewhat butchered" with answers to be completely filled out and sufficient. No question is left unanswered. The position of the board of review and of the majority of the court rests on the slender thread of the answer "I don't know" as being insufficient to a factual inquiry of what is the present fair market value of the property. This question did not ask the owner's opinion as to the fair market value or what value he was claiming. The inquiry sought a factual answer which is adequately answered by "I don't know." If the question be considered as calling for the owner's opinion, the answer is of little importance because the objection of the owner is to the value of the property as determined by the assessor.

I think the board of review was wrong in discontinuing the hearing on the ground of an alleged incompleteness of the form. This action cannot be justified by make-

[3] *State ex rel. Walthers v. Jung* (1921), 175 Wis. 58, 61, 183 N. W. 986.

weight reasons that the examination of the assessor was time-consuming and a harassment and the majority's indication the owner probably would not win in any event because of the purchase price of the land and of the court's view of the assessor's testimony. The evidence relating to the merits of the objection has no bearing on whether the board could discontinue the hearing for the reason it gave.

I would reverse.