BITTERS, Appellant, v. TOWN OF NEWBOLD and others, Respondents.

*No. 122. Argued May 4, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 339.)

494

496

498

For the appellant there was a brief and oral argument by *Eugene A. Bitters* of Ripon, pro se.

For the respondents there was a brief by *Bernstein & Bernsteen,* attorneys, and *Lee A. Bernsteen* of counsel, all of Rhinelander, and oral argument by *Lee A. Bernsteen.*

WILKIE, J.   The central issue presented by this appeal is whether the circuit court erred in its construction of sec. 70.47 (7) (a), Stats.

The circuit court viewed appellant's petition as seeking review of the actions of the town of Newbold board of review, pursuant to sec. 70.47 (9a), Stats., and held that the board could, pursuant to sec. 70.47 (7) (a) require taxpayers to use special forms approved by the Wisconsin Department of Taxation. The court also held that appellant presented written objections which were not in compliance, despite being informed by the board of that fact; that the objections of appellant were refused by the board for this reason; and that consequently the board was not required to give appellant a hearing.

Appellant contends that both the court's view of his petition and its interpretation of the law were erroneous.

The circuit court specifically referred to the conclusion of appellant's petition, which stated:

"Wherefore, the petitioner prays that a writ of certiorari be allowed herein *to bring up for review and*

*determination the proceedings of said Board of Review with respect to matters set forth in this petition . . . ."* (Emphasis supplied.)

The court commented concerning the petition:

"I think that it is obviously a proceeding to review the proceedings before the Board of Review . . .

". . .

"This appeal is taken in my opinion under the provisions of section 70.47, particularly under subsection (9a) thereof, and because of a failure on the part of petitioner to make his objection in proper form, the court holds that the petitioner has failed to show that there was any improper action on the part of the Board of Review."

An aggrieved taxpayer has two statutory remedies available to him to challenge the tax: (1) He may seek action by a board of review pursuant to sec. 70.47, Stats., and then seek judicial review of the board's action by way of certiorari to the circuit court; or (2) he may pay the tax and then, pursuant to sec. 74.73, file a claim against the assessing body; if the claim is denied, he may then bring an action against that body to recover the tax unlawfully levied and collected.

It is obvious from the record here that appellant was not attempting to follow the second procedure. On the contrary, it is clear that he elected the route prescribed by sec. 70.47, Stats. He appeared at the board of review meeting and attempted to file objections with them. In addition, upon receiving his tax bill in January, 1969, he paid only that portion of the tax which he felt was properly assessed. At this point, even though the board of review had adjourned sine die, he might have paid his tax, and then filed a claim to recover that portion which was illegally collected, if indeed there was, as he contends, illegality as well as overassessment involved. He chose not to do so.

Therefore, it is clear that the procedure appellant chose to follow was that set out in sec. 70.47, Stats., and it must be determined here whether he in fact complied with the requirements as set down in that section, for, as appellant himself notes in his brief:

"The law in this state is well settled that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued to the exclusion of other methods of redress." [1]

Sec. 70.47, Stats., provides for "board of review proceedings." Sub. (6) provides that the board shall not raise or lower an assessment except after a hearing as provided for in the statute. Sub. (7) provides for the manner of making objections, sub. (8) for the manner of conducting the hearing, and sub. (9a) provides for judicial review of the board's determination. Sub. (7) is in dispute here.

Sec. 70.47 (7), Stats., provides:

"(7) OBJECTIONS TO VALUATIONS. (a) Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review prior to adjournment of public hearings by the board. If the board is in session 5 days, including its first meeting and any adjourned meetings, all objections shall be filed within such time unless failure to file within such time is waived by the board upon a showing of good cause for such failure. The board may require such objections to be submitted on forms approved by the department of revenue. No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of

---

[1] *Essock v. Cold Spring* (1960), 10 Wis. 2d 98, 104, 102 N. W. 2d 110. *See also: State ex rel. Conn v. Board of Trustees* (1969), 44 Wis. 2d 479, 482, 171 N. W. 2d 418.

all of his property liable to assessment in such district and the value thereof. The requirement that it be in writing may be waived by express action of the board.

"...

"(b) Upon receipt of an objection, the board shall establish a time for hearing the objection. At least 48 hours' notice of the time of hearing must be given to the objector or his attorney, and to the municipal attorney and assessor. Where all parties are present and waive such notice in the minutes, the hearing may be held forthwith."

Appellant presented himself at the Newbold town hall on November 16, 1968, and sought to file objections with the Newbold Township Board of Review. The board had adopted the approved form for objections and required all objecting taxpayers to present their objections on this approved form. All objecting taxpayers did so with the exception of appellant, who submitted his written objections in another form. According to the minutes of the board meeting, as the circuit court found, the board not only failed to waive the approved form, but rather advised appellant it must be completed.[2] The board also advised appellant that he must be sworn by the clerk before presenting testimony,[3] and that the board would remain in session until all out-of-town taxpayers could be heard from. Appellant did not heed these instructions, but presented his objections to the clerk and left, stating that he was a lawyer and knew what he was doing.

Appellant sought review by the circuit court, pursuant to sec. 70.47 (9a), Stats. The circuit court determined

---

[2] "The following personal property and real estate 'objection' form is approved by the Department of Taxation. *This objection form should not be waived.* Boards of review should require all taxpayers who wish to protest their assessments to prepare this form and file it with the clerk." Wisconsin Department of Taxation, *Property Assessment Manual*, Pt. III, p. 124. (Emphasis added.)

[3] Sec. 70.47 (8), Stats.

that appellant had not complied with the statutory procedure, that the board was therefore not required to give appellant a hearing, and that consequently there was nothing more to review. Therefore, it granted respondents' motion to quash the writ of certiorari.

The real question before this court in reviewing the circuit court's determination is whether the board may properly demand strict compliance with its requirement that all taxpayer objections be filed on the approved form as adopted, or whether substantial compliance is sufficient.

This question was settled by *State ex rel. Reiss v. Board of Review.*[4] In *Reiss* the taxpayer sought a board of review hearing and filed the approved form but only partially completed it. That portion not completed was the section asking for the current market value of the property which was first left blank and then answered "I don't know." The board did not waive the requirement that the approved form be completed, but allowed the taxpayer to proceed on the merits subject to this objection. After hearing testimony of the assessor on cross-examination by the taxpayer over two days, the board determined that it would proceed no further without the completion of the approved form and adjourned sine die. The taxpayer sought review by writ of certiorari in the circuit court pursuant to sec. 70.47 (9a), Stats., and when the circuit court quashed the writ, the taxpayer appealed.

This court affirmed the lower court, stating:

"We consider the types of information called for in part (2) to be relevant to the issues ordinarily raised on objection to an assessment, helpful to the board in the performance of its duty, and not unduly burdensome to the taxpayer. The statute does not specify the elements which must be included in a written objection, but does provide: 'The board may require such objections

4 (1965), 29 Wis. 2d 246, 138 N. W. 2d 278.

to be submitted on forms approved by the department of taxation.' We interpret the statute as giving the board, with the approval of the department, reasonable latitude in specifying relevant information which must be supplied as part of a written objection.

"...

"Taxpayer argues that the real reason the board decided to terminate the hearing was that the assessor's testimony demonstrated that he had followed an illegal method of assessment. The written objection being insufficient, the board's motive in terminating the hearing may be immaterial. . . ." [5]

Appellant would distinguish *Reiss* on the grounds that in *Reiss* the taxpayer did not complete the approved form insofar as *information* in support of his objections was concerned, whereas in the instant case appellant's written objections contained all of the information requested on the approved form, plus additional information. This fact was noted by the circuit court, but it held that the board had a right to insist on the appellant's using the approved form:

"The Board of Review had a right to protect itself from examining voluminous papers and lengthy objections in order to determine whether or not the requirements of the statutes had been met. The Board of Review made this demand and refused to consider the objections because the petitioner refused to file the form required. . . ."

This is not an unreasonable determination. First, the statute declares that the board may require use of the approved forms. It also provides that the requirement may be waived. If the board cannot require strict compliance when it has adopted the approved forms, there would be no reason to provide for a waiver. In addition, as noted above,[6] the Department of Taxation has advised all boards of review to require all objecting tax-

[5] *Id.* at pages 251, 252.

[6] *See* footnote 2, *supra.*

payers to use the form. This not only makes the processing of objections more expeditious, but it enables a board of laymen to concentrate on that which it has jurisdiction to consider, errors in assessment. If strict compliance may not be required, then, as the circuit court noted, the board will be required to consider all objections to determine if they substantially comply with the approved form, and, probably, refusals to waive the approved form will then be subject to judicial review, as well as the determinations made on the merits. This is to be avoided. As this court observed in *Reiss,* the completion of the approved form is "not unduly burdensome to the taxpayer." And in this case every taxpayer with the exception of the appellant completed the approved form, including lawyers from out of town. It should also be noted that this form is no doubt of benefit to the nonlegally trained taxpayer as well, since it provides a convenient method of securing the information required from even a layman.

Appellant argues that the approved form contains too little space to note all of his objections. But he made no attempt to follow the board's request and use the actual form. Had he done so and attached additional objections thereto, the board's refusal to afford him a hearing might well be arbitrary and capricious. Not only did appellant make no attempt to file his objections on the approved form, but also appellant chose to spell out his own written objections in his own way and serve them on the clerk after being expressly informed that the board required the approved form of all taxpayers and that the forms were indeed available there.

We have no doubt here that appellant did not substantially comply with the requirements of sec. 70.47, Stats. On the merits his main objections to the assessment were (1) the assessment as to Lot 18 was calculated on the basis of 200 feet of lakeshore property, whereas in truth he owned only 159 feet; (2) the assessor did not allow

a depth factor in completing the assessment. But appellant did not spell out these objections in his list of objections on November 16, 1968. Neither did he specify these objections in his petition for certiorari. He did not specifically note these objections until he submitted a brief in connection with the court hearing on August 12, 1969. He did not make them a matter of record until the hearing of December 16, 1969.

We conclude therefore that the circuit court did not err in its construction of sec. 70.47 (7) (a), Stats., and further that the circuit court did not err in concluding either that the appellant had failed to comply with the requirements of that section or that appellant had failed to show any defect in the procedures before the board of review.

A further issue is presented on this appeal by appellant's contention that the circuit court improperly limited the scope of its review to proceedings before the board of review. Appellant argues that his petition alleges not only the amount of the assessment and the valuation of his property, but also that the tax was illegally assessed since the assessor did not follow the assessment practices set down by the Department of Taxation in the *Wisconsin Property Assessment Manual*. Appellant specifically notes (1) that he was assessed for 200 feet of lakeshore property when in fact he owns only 159 feet; (2) that the assessor did not properly allow for the depth factor in appraising appellant's property; and (3) that other factors such as zoning and the nature of the shoreline were ignored. Consequently, appellant argues, his objections go not only to amount of assessment or valuation, but to other matters which he alleges make the tax illegal, and therefore the circuit court should have considered the merits since in such cases written objections are not necessary.

In support of his position appellant cites *Pelican Amusement Co. v. Pelican,*[7] wherein this court stated:

"In cases of illegal taxes not involving the amount or valuation of the property or excessive assessment, it is not necessary to comply with sec. 70.47 (7) (a), Stats., because such section is inapplicable and is restricted to questions of amount and valuation of property."[8]

Appellant misinterprets both the facts and the law of the *Pelican Case.* In the first place, the *Pelican Case* involved an action under sec. 74.73 (4), Stats., *i.e.,* to recover taxes levied and collected. The claim was based on an alleged overassessment. The issue before the court was whether compliance with sec. 70.47 (7) was a condition precedent to bringing an action under sec. 74.73 (4).

The trial court in *Pelican* determined that the overassessment was so great as to constitute an illegal tax permitting an action under sec. 74.73 (4), Stats.

In *Pelican* this court held, however, that where the legality of the tax is based on the amount or valuation of property,

". . . it is still necessary that the administrative method of proceeding before the board of review be complied with as a condition precedent to the bringing of the suit [under sec. 74.73, Stats.]. . . . [To hold otherwise] would emasculate that section and seriously interfere with the orderly method of correcting assessments based on the amount and valuation of property."[9]

The express holding of the *Pelican Case,* then, dealt with actions brought under sec. 74.73, Stats., not with the scope of review on certiorari pursuant to sec. 70.47 (9a).

"We hold that *in cases of illegal taxes based upon sec. 74.73 (4), Stats.,* involving an allegedly excessive assess-

---

[7] (1961), 13 Wis. 2d 585, 109 N. W. 2d 82.

[8] *Id.* at page 594.

[9] *Id.* at page 593.

ment, that such assessment must first come before the board of review as provided in sec. 70.47 (7) (a). The language 'contested assessment' found in sec. 74.73 (4) refers to the assessment contested before the board of review.

"In cases of illegal taxes not involving the amount or valuation of the property or excessive assessment, it is not necessary to comply with sec. 70.47 (7) (a), Stats., because such section is inapplicable and is restricted to questions of amount and valuation of property. However, a taxpayer claiming an excessive assessment because of the amount or valuation of property, and properly presenting his case to the board of review, has an election to appeal from the board's determination by certiorari under sec. 70.47 (9a), or to commence an action under the provisions of sec. 74.73." (Emphasis added.) [10]

Nor is *State ex rel. Boostrom v. Board of Review* [11] in point here, since in that case the taxpayers properly raised their objections to the board of review prior to seeking judicial review by writ of certiorari.

Hence, it appears the circuit court properly limited its review to the action of the board. This is what appellant's petition for certiorari prayed for. The cases cited by appellant are inapplicable since they deal with cases brought pursuant to sec. 74.73, Stats., not sec. 70.47 (9a).

Admittedly the board might have taken greater pains to assure a hearing to appellant. It might have considered whether appellant's written objections really contained all the information required by the approved form. However, the minutes of the meeting reflect that the appellant was impatient to proceed and impatient with the procedure prescribed for doing so. He made no attempt at that time to arrange another day for a hearing, although he states his only reason for leaving was bad weather and the lateness of the hour.

[10] *Id.* at page 594.
[11] (1969), 42 Wis. 2d 149, 166 N. W. 2d 184.

In this regard respondents appropriately refer to *State ex rel. Gregersen v. Board of Review.*[12] In *Gregersen* the taxpayer was granted a hearing before a board of review. The taxpayer attempted to commence the hearing with the adverse examination of the assessor. After considerable discussion, the board ruled that it should hear the testimony of the taxpayer first. Taxpayer and counsel then left the hearing. On appeal from a lower court determination that the board had committed jurisdictional error by refusing to permit the taxpayer to examine the assessor, this court reversed, holding that the board's ruling went merely to the order of presentation of testimony, and was not a denial of taxpayer's right to examine the assessor at all. This court then stated:

". . . When the chairman of the board finally stated, in response to the taxpayer's request for a ruling, that, 'I think we won't have him examined at this time. . . . We want to hear the taxpayer,' there was ample ground for interpreting it as a ruling that examination of the assessor would only be postponed, not denied. *When the taxpayer then walked out of the meeting without obtaining a clarification of the ruling, he did so at his peril.*" (Emphasis added.)[13]

In the instant case, appellant was adequately informed of the steps he must follow to be heard and that the board would remain in session until all out-of-town taxpayers could be heard. Appellant, however, not only refused to follow the procedural steps properly required by the board, but also left without making any attempt to persuade the board to accept his form of stating the objections, or to arrange another time for a hearing. In such circumstances the board's refusal to consider appellant's objections was neither arbitrary nor capricious.

[12] (1958), 5 Wis. 2d 28, 92 N. W. 2d 236.
[13] *Id.* at pages 33, 34.

Appellant had two statutory procedures open to him. He might have paid the tax as assessed and then filed a claim with the township to recover that portion which was illegally collected. If that claim were denied, he might have brought a court action to recover it, pursuant to sec. 74.73, Stats. (This, of course, accepts *arguendo* appellant's claim that his objections were based on grounds other than amount or valuation of property.[14]) Appellant, however, did not pursue this remedy, but paid only that portion of the tax which he felt was legally assessed.

He attempted to pursue the remedy provided in sec. 70.47, Stats., *i.e.*, a hearing before the board of review and judicial review by certiorari pursuant to sec. 70.47 (9a). In doing so, however, he did not comply with the board's entirely proper requirement that he file his objections with the board on the form approved by the Wisconsin Department of Taxation, and which the department advised all boards to require in all cases without exception. Consequently, the circuit court correctly quashed the writ of certiorari previously issued.

While appellant is correct in his statement that the scope of *statutory* certiorari review is broader than that of the common-law writ in that it may extend beyond mere jurisdictional questions to consider, in a proper case, the merits of any quasi-judicial determination made by the board, the statutory provisions for obtaining review by the board in the first instance should be complied with, as well as the requirements properly adopted pursuant to them. They were not.

*By the Court.*—Orders affirmed.

[14] *See Pelican Amusement Co. v. Pelican, supra,* footnote 7.